UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RUSSELL S. PURNELL, | ) | CASE NO. 5:05 CV 2087 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SUMMIT COUNTY | ) | AND ORDER |
| SHERIFF'S OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 30, 2005, plaintiff pro se Russell S. Purnell filed this action under 42 U.S.C. § 1983 against the Summit County Sheriff's Office, Summit County Sheriff Drew Alexander, Summit County, Ohio, Prison Health Services, Inc., Prison Health Services Employee Jane Doe I., Prison Health Services Employee Jane Doe II, Prison Health Services Employee Jane Doe III, Barberton City Police Officer James Dawson, the City of Barberton, and the Barberton Police Department. In the complaint, plaintiff alleges that his arrest was secured with the use of excessive force and thereafter, he was denied appropriate medical care. He seeks compensatory and punitive damages.

*Background*

Mr. Purnell was arrested by Officer James Dawson on Wednesday, September 1, 2004. Mr. Purnell alleges that he was "kneed in the back" while he was handcuffed, causing his

collarbone to fracture. He indicates he was transported to the Barberton Citizen's Hospital where he was treated and released to Summit County jail officials with the instruction that he return for an evaluation with an orthopedic specialist prior to the weekend.

On the following day, Mr. Purnell was seen by jail physician, Jane Doe I. He requested to be taken back to the hospital but was told she did not have the authority to order this trip and suggested that it would require approval from Jane Doe III, a supervisory official at the jail. He states he repeatedly sent kites requesting that he be taken to the hospital. He was eventually told if he sent any more kites he would be taken to segregation. He contends he could not lie down to sleep and was in pain. Approximately 22 days after his arrival, he was seen by an orthopedic doctor, Jane Doe II, who advised Mr. Purnell that his fracture was healing and it would be "too late to do anything." (Compl. at 7.)

## *Exhaustion of Administrative Remedies*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion

requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

There is no indication that Mr. Purnell exhausted all of his administrative remedies for each claim against each defendant. He does not explain the steps to the jails's grievance procedure and does not allege that he took steps to follow this procedure for each claim he asserts in his pleading. The inmate bears the burden of establishing exhaustion of administrative remedies. Brown, 139 F.3d at 1104. Mr. Purnell has not satisfied that burden.

*Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Dated: November 3, 2005               *s/ James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT COURT

---

[1]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.